PEAVY–MOORE LUMBER CO., Inc., v. MILLER–VIDOR LUMBER CO.* (No. 1367.) (Court of Civil Appeals of Texas. Beaumont. March 25, 1926. Rehearing Denied April 7, 1926.) Appeal from District Court, Jasper County; V. H. Stark, Judge. A. M. Huffman, of Beaumont, for appellant. C. A. Lord, of Beaumont, for appellee.

HIGHTOWER, C. J. The appellant, Peavy-Moore Lumber Company, filed this suit in the district court of Jasper county, against the appellee, Miller-Vidor Lumber Company, in the form of an action in trespass to try title and for damages for timber cut on the D. B. Glenn survey, abstract No. 693, located in Jasper county, Tex., on the waters of Cow Bayou, a tributary of the Sabine river, about 52 miles south 10° east from the town of Jasper, and in the petition of appellant that survey was described by metes and bounds as follows: "Beginning at the N. W. corner of the H. N. Ratcliff 160-acre survey on the south boundary line of T. & N. O. R. R. Co. survey No. 3; thence south 89 deg. 15 min. west, with south line of section No. 3, at 1,521 varas pass its southwest corner and the southeast corner of T. & N. O. R. R. Co. section No. 4, at 2,331 varas pass the southwest corner of said T. & N. O. R. R. Co. section No. 4, continuing west at 2,350 varas stake for corner in the south line of the J. H. Thompson survey; thence south 92 varas to stake for corner in the north line of Jacob Hentz survey No. 11, cypress tree marked 'X' for bearing; thence east with the north line of said Jacob Hentz survey at 486 varas, its northeast corner and the northwest corner of Geo. Landell survey No. 12, continuing east with the north line of the said survey No. 12, to its northeast corner in the west line of the H. N. Ratcliff 160-acre survey, stake for corner with a gum 20 inches in diameter marked 'X' for bearing; thence north with the west line of said Ratcliff 160-acre survey 141 varas to the place of beginning." Appellant's prayer was for a recovery of the title and possession of the D. B. Glenn survey of land, as above described, and it also prayed recovery of $4,730, which it alleged was the manufactured value of timber cut from the D. B. Glenn survey by appellee, but that if not entitled to recover such manufactured value, it then prayed, in the alternative, for the amount of $2,838, alleging that to be the stumpage value of the timber that was cut from the survey by appellee. The appellee answered by general denial and plea of not guilty. The case was tried with a jury, and upon conclusion of the testimony one special issue only was submitted for the jury's determination and answer. Neither party requested the submission of any other issue, though appellee requested a peremptory instruction in its favor, which was refused by the trial court.

It was the contention of the learned counsel for appellant in the court below that the controversy as it was developed upon the trial resolved itself into one of boundary only, and such is his contention here. The issue submitted to the jury was as follows: "Which is the correct north boundary line of the Jacob Hentz survey No. 11, and Geordge Landell survey No. 12, as originally located, that contended for by the witness L. F. Daniel, or that contended for by the witness P. G. Omohundro? You will answer this by stating, 'The line contended for by L. F. Daniel,' or 'The line contended for by P. G. Omohundro,' as you may find the fact to be." The jury's answer to this issue was as follows: "To question No. 1 we answer: 'The line contended for by P. G. Omohundro.'" In addition to this finding by the jury, the court made additional findings of fact, which are recited in the judgment, bearing on the issue of boundary, and these findings were in favor of appellee and have sufficient support in the evidence to sustain them. There was no objection by appellant to the issue submitted to the jury, either as to form or substance, but counsel now earnestly contend that

*Writ of error dismissed for want of jurisdiction May 12, 1926.

the evidence adduced upon the trial, as a whole, was wholly insufficient to sustain the jury's answer to the submitted issue of boundary, which answer was in favor of appellee on that issue, and we are requested by counsel for appellant to reverse and render the judgment which the court entered upon the verdict in favor of appellee, and, in the alternative, to reverse the judgment and remand the cause.

Counsel for appellee does not concede that the controversy as it developed upon the trial was one of boundary only, but, on the contrary, counsel for appellee contends that the court should have peremptorily instructed the verdict in its favor for another reason, regardless of the question of boundary, as contended for by appellant. We shall not go into detail regarding the contention of counsel for appellee, that the court should have peremptorily instructed the verdict in its favor, regardless of the issue of boundary insisted upon by appellant; for we have reached the conclusion, after a careful examination of this record, that there were sufficient facts and circumstances in evidence before the jury to sustain their answer to the special issue submitted, which, as we have stated, determined the boundary issue as claimed by appellant to be decisive of the controversy in appellee's favor. It is our custom when we conclude that the trial court's judgment based upon the jury's verdict as to a question of fact should be sustained, not to undertake to discuss at length the evidence upon which the jury's verdict is based. On the other hand, when we conclude that the judgment appealed from cannot be sustained as to some issue of fact upon which it must rest, then we feel that it is our duty, in fairness and justice to the trial court, to let our opinion point out wherein the evidence failed to sustain the verdict as to such necessary issue of fact. There is no difference between counsel for the parties here as to any legal questions touching the proper construction and location of surveys, and it would serve no useful purpose were we to enter into a discussion at length of the rules governing boundary controversies. Those rules are well known to the bench and bar of this state, and they are but rules of evidence of relative application, and it is our conclusion that the record in this case fails to show that any violence has been done to those rules in the verdict and judgment in this cause. Having so concluded, after careful examination of the entire evidence in this case, it is ordered that the trial court's judgment be affirmed.